UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SHAREBUILDER SECURITIES CORPORATION, a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE CHILDREN'S INTERNET, INC., a Nevada Corporation, et al.,<br><br>Defendants. | CASE NO. C09-0358 RSM<br><br>ORDER |

## I. INTRODUCTION

This matter comes before the Court on "The Children's Internet Inc.'s Motion to Dismiss Re: Voluntary Withdrawal of Claim for Interpleader," (Dkt. #29) and Plaintiff's "Cross-Motion for Judgment Including an Award of Attorney's Fees and Costs" (Dkt. #31). This interpleader action concerns conflicting claims over 1.4 million shares of The Children's Internet, Inc. ("TCI") that were held in the personal account of defendant Jamshid Ghosseiri at ShareBuilder Securities Corporation ("ShareBuilder"), an online broker-dealer of securities.

ORDER - 1

TCI moves to dismiss its claims to the contested shares under Federal Rule of Procedure 41(c). ShareBuilder does not oppose the dismissal, but argues that the TCI should be held liable for attorney's fees and costs, and requests that defendants be permanently enjoined from prosecuting claims against ShareBuilder relating to the contested shares.

Having reviewed TCI's motion, ShareBuilder's motion, and the remainder of the record, and for the reasons set forth below, the Court hereby GRANTS TCI's Motion to Dismiss and GRANTS ShareBuilder's Motion for Judgment and Attorneys Fees, with attorneys fees to be awarded from the interpleaded fund.

## II. DISCUSSION

**A. Background**

In 2006, the Securities and Exchange Commission ("SEC") filed an action against TCI, Nasser Hamedani and Sholeh Hamedani (TCI's founders) and two other defendants for violating multiple provisions of the federal securities laws in connection with the unlawful sale and issuance of TCI securities. (Dkt. #36, Ex. A & Ex. B). TCI and the Hamedanis did not contest liability and, on October 3, 2008, the California District Court ordered the Hamedanis to disgorge their profits from the illegal sale of TCI shares. (Dkt. #36, Ex. A). The California District Court declined to disgorge funds from TCI itself because "ordering disgorgement against TCI would not benefit the corporation's shareholders, who are the victims of the Hamedanis unlawful conduct." *Id.* at 20.

In early 2009, TCI obtained a temporary restraining order in the Second Judicial District Court of the State of Nevada restraining multiple individuals, including the Hamedanis and their business associates, from transferring, selling, or otherwise disposing of TCI shares. (Dkt. #1, Ex. A). The Nevada state court issued the TRO because it appeared to the court that TCI shares held by the restrained individuals might have been issued to them illegally. (Dkt.

1  #1, Ex. A). Subsequent to obtaining the TRO, TCI learned that defendant Ghosseiri held 1.4

2  million shares of TCI stock in his ShareBuilder account. Ghosseiri is not one of the

3  individuals restrained by the Nevada TRO. However, TCI claimed that Ghosseiri was related

4  to three individuals (Dkt. #32, p. 6) who were restrained from trading in TCI shares pursuant

5  to the Nevada TRO (Dkt. #1, p. 6). It also appeared that Ghosseiri had obtained his shares

6  directly from one of the individuals who had been restrained by the Nevada TRO. *Id.*

7  TCI asked ShareBuilder to deliver the 1.4 million TCI shares in Mr. Ghosseiri's account

8  to TCI's transfer agent. (Dkt #32, p. 2). ShareBuilder filed this interpleader action against

9  TCI, Ghosseiri, and the individual defendants involved in the Nevada TRO to settle rights

10 regarding the 1.4 million shares. (Dkt. #1). Mr. Ghosseiri, TCI, and each of the defendants

11 listed on the Nevada TRO were listed in ShareBuilder's complaint. (Dkt. #1). Only Mr.

12 Ghosseiri and TCI filed answers to the complaint. On September 24, 2009, this Court granted

13 ShareBuilder's Motion for Partial Summary Judgment dismissing all defendants from the

14 lawsuit except for TCI and Mr. Ghosseiri.

15 TCI now asserts that the Justice Department has obtained an indictment against the

16 Hamedanis and that "shares of TCI have become virtually worthless." (Dkt. #35, p. 2). As a

17 result, TCI seeks to dismiss this action under Federal Rule of Civil Procedure 41(c). (Dkt.

18 #29, p. 1). ShareBuilder asserts that the action must be dismissed under Federal Rule of Civil

19 Procedure 41(a)(2) because it asserted a claim for attorney's fees in its complaint. (Dkt. #31).

20 ShareBuilder does not object to a dismissal, per se, provided that TCI's claims are dismissed

21 with prejudice, ShareBuilder is permanently discharged of all liability related to the disputed

22 TCI shares, and it is awarded $8,174 in fees and $979.22 in costs for having to file the present

23 interpleader action. *Id.* at 1-2. Mr. Ghosseiri failed to respond to TCI's Motion to Dismiss.

24

**B. Defendant TCI's Motion to Dismiss**

The Court considers TCI's Motion to Dismiss under Fed. R. Civ. Proc. 41(c), which pertains to the dismissal of counterclaims, cross-claims and third-party claims. The Court disagrees with plaintiffs that TCI can only move to dismiss under Fed. R. Civ. Proc. 41(a)(2). TCI's claims for relief are considered cross-claims under Fed. R. Civ. Proc. 22. *See Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705 n. 2 (1972). Under Fed. R. Civ. Proc. 41(c), a party can voluntarily dismiss a cross-claim without a court order if a notice of dismissal is made "(1) before a responsive pleading is served; or (2) if there is no responsive pleading, before evidence is introduced at a hearing or trial." Since no responsive pleading has been served and no hearing or trial has taken place, the conditions precedent to dismissal under Rule 41(c) have been met. The Court notes that TCI has requested that it claims be dismissed with prejudice. (Dkt. # 29, p. 3). This Court thereby GRANTS TCI's Motion to Dismiss under Fed. R. Civ. Proc. 41(c) and defendant TCI's claims are dismissed with prejudice.

**C. Plaintiff ShareBuilder's Request for Injunction**

Plaintiff requests that the Court restrain and enjoin each of the defendants from instituting or prosecuting any other action or proceeding against ShareBuilder related to the 1.4 million shares of TCI at issue in this lawsuit. (Dkt. #31, p. 2). Since this case was filed as a statutory-interpleader action under 28 USC § 1335, this Court is authorized to issue a permanent injunction restraining claimants from instituting or prosecuting any proceeding in any State of United States Court relating to the contested property. *See* 28 USC § 2361. In addition, under Local Rule CR 7(b), failure to respond to a motion may be considered by the court as an admission that the motion has merit.

TCI has not opposed ShareBuilder's request for injunction and specifically disclaims any interest in the shares of TCI stock. (Dkt. #35, p. 2). Moreover, TCI has requested that the

instant interpleader action be dismissed with prejudice. (Dkt. #29, p. 3). Defendant Ghosseiri has also failed to respond to ShareBuilder's motion for an injunction. Therefore, pursuant to its authority under 28 USC § 23661 and Local Rule CR 7(b), this Court GRANTS defendant's motion for permanent injunction, enjoining defendants TCI and Ghosseiri from instituting or prosecuting any proceeding in any court related to the contested TCI shares.

**D. ShareBuilder's Cross-Motion for Judgment Including an Award of Attorney's Fees and Costs.**

ShareBuilder asserts a claim for $8,174 in attorney's fees and $979.22 in costs. It is the practice of the Ninth Circuit to exercise its authority under 28 USC § 2361 to "make all appropriate orders to enforce its judgment," to award attorney's fees and costs to interpleader plaintiffs where the plaintiff has no interest in the fund. *See Schirmer Stevedoring Co., Ltd. v. et al.,* 306 F.2d 188, 193-94 (9th Cir. 1962). *See also* 4 *Moore's Federal Practice* (3rd ed.) § 22.06, at 22-96. The rationale for granting fees and costs in such cases are (1) that the plaintiff has benefited the claimants by preventing dissipation of the fund by providing early litigation over competing claims and (2) that the interpleader plaintiff should not have to pay attorneys fees to guard against multiple claims over funds that it agrees belongs to someone else. *Schirmer,* 306 F.2d at 193-4. TCI concedes that this precedent exists and does not contest the award of attorney's fees and costs, other than by stating that such an award is "discretionary with the Court." (Dkt. #35, p. 3). The Court is satisfied that ShareBuilder has no interest in the contested shares of TCI stock. (Dkt. #31, p. 4).

TCI requests that, if an award of attorney's fees and costs is made, that the award be taken from the interpleaded fund. ShareBuilder requests that TCI be made jointly and severally liable with the *res* for the attorney's fees and expenses it seeks to recover. When costs and fees are awarded to a plaintiff in an interpleader action, they are generally awarded from the

1 | interpleaded fund. 4 Moore's Federal Practice (3rd ed.) § 22.06, at 22-96. *See, e.g., Trustees of*
2 | *Directors Guild of America-Producer Pension Benefits Plans v. Tise*, 234 F.3d 415, 426 (9th Cir.
3 | 2000). Costs should not be assessed against a stakeholder unless the stakeholder has acted
4 | improperly or in bad faith. *See Gelfgren v. Republic Nat'l Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir.
5 | Cal. 1982) ("Costs . . . should not be assessed against a stakeholder, at least where the
6 | stakeholder has not been dilatory or otherwise guilty of bad faith."); *Murphy v. Travelers*
7 | *Insurance Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976) ("[S]uch an award should be limited to those
8 | cases where the trial judge concludes, by way of specific factual findings, that the stakeholder's
9 | conduct with respect to the interpleader action was improvident, vexatious, or otherwise
10 | improper, if not in bad faith.").

11 | ShareBuilder submits that "the equities of the situation, including specifically TCI['s]
12 | unexplained withdrawal of its claim," support an award of fees and costs that makes TCI jointly
13 | and severally liable for the fees and costs. TCI has since explained in its Opposition to
14 | ShareBuilder's Motion for Judgment that its withdrawal was due to the recent indictment against
15 | the Hamedanis in connection with the TCI shares. (Dkt. # 35 p. 2). This Court does not consider
16 | TCI's initial failure to explain its reasons for dismissing the case as tantamount to impropriety or
17 | bad faith. Therefore, there is no justification for awarding attorney's fees against TCI in this
18 | case, as opposed to awarding the fees from the interpleaded shares of stock. The Court has
19 | examined the fees and costs assessed by plaintiff's attorney (Dkt #33) and finds them to be
20 | reasonable. Therefore, the Court GRANTS plaintiff's request for attorneys fees and costs to be
21 | awarded from the interpleaded fund.

## III. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

(1) Defendant TCI's Motion to Dismiss re: Voluntary Withdrawal of Claim for Interpleader (Dkt. #29) is GRANTED. Defendant TCI is hereby dismissed from this action with prejudice.

(2) Plaintiff ShareBuilder's Cross-Motion for Judgment Including an Award of Attorney's Fees and Costs (Dkt. #31) is GRANTED. Plaintiff ShareBuilder is hereby fully discharged from this action with prejudice. Plaintiff has no liability to either remaining defendant in connection with the subject matter of this action. Plaintiff is entitled to retain $8,174 in fees and $979.22 in costs from the interpleaded fund.

(3) This action is DISMISSED. Plaintiff is ordered to release the remainder of the interpleader funds, minus fees and costs, to the sole remaining party to this action, Mr. Ghosseiri. The Clerk is directed to close this case.

(4) The Clerk is directed to forward a copy of this Order to all counsel of record.

Dated September 29, 2010.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE